**U.S. Department of Justice**
Civil Division

VIA CM/ECF

September 21, 2026

Christopher G. Conway, Clerk of Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

RE: *Eli Lilly v. Food & Drug Administration* (No. 26-1301) (oral argument scheduled for September 24, 2026)

Dear Mr. Conway:

We write to highlight this Court's recent decision in *Franco v. Chobani, LLC*, 184 F.4th 599, 601 (7th Cir. 2026). That case involved a dispute between private parties about whether a substance called "allulose" qualifies as a sugar under the Food and Drug Administration (FDA)'s regulatory definition of that term. *Id.* at 602. This Court noted that while "[i]nterpreting the law is a job for the court," courts "are not required to ignore the FDA's perspective about the meaning of a regulation the agency drafted." *Id.* at 603 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 387 (2024)). Because FDA's "'body of experience and informed judgment' could be useful in understanding the regulations," the Court invited the agency to submit an amicus brief, and the agency did so. *Id.* at 604 (citation omitted). The Court ultimately placed significant weight on the FDA's interpretation of its own regulations, noting that the agency's analysis was "thorough, its reasoning is valid, and its position is consistent with earlier FDA statements." *Id.* (citing *Skidmore v. Swift & Co.*, 323 U.S. 134, 138-40 (1944)).

As the district court recognized, FDA's reading reflects the best understanding of the regulation in this case. Even if the regulation was ambiguous, *Chobani* would support FDA's position. As in *Chobani*, this case involves FDA's own regulatory definition of a scientific term. And as in *Chobani*, FDA's interpretation of that definition is scientifically valid and consistent with the agency's earlier statements. *See* Gov't Br. 16-25. Thus, FDA's understanding of the protein definition is an

"especially informative" tool of regulatory interpretation. *Chobani*, 184 F.4th at 604 (quoting *Loper Bright*, 603 U.S. at 402).

Sincerely,

/s/ *Steven H. Hazel*
Steven H. Hazel
Attorney

cc: all counsel (via CM/ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Steven H. Hazel*
STEVEN H. HAZEL