Arnold & Porter

**Allon Kedem**
+1 202.942.6234 Direct
Allon.Kedem@arnoldporter.com

September 23, 2026

**VIA CM/ECF ELECTRONIC FILING**

Mr. Christopher G. Conway
Clerk of the Court
United States Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

Re: *Eli Lilly and Company v. Robert F. Kennedy, Jr., et al*. (Case No. 26-1301)
(Oral Argument Scheduled on September 24, 2026)

Dear Mr. Conway:

Appellant Eli Lilly and Company respectfully responds to the government's recent Rule 28(j) letter. Far from supporting the government, this Court's July 27 decision in *Franco v. Chobani, LLC*, 184 F.4th 599 (7th Cir. 2026), *declined* to defer to FDA guidance on the meaning of the agency's regulation. Indeed, the decision underscores why this Court should *not* defer to FDA's interpretation of the regulatory definition of "protein" here.

First, the *Franco* Court recognized that, under the Supreme Court's *Loper Bright* decision, "[i]nterpreting the law is a job for the court," even when the source of law is a regulation rather than a statute. *Id.* at 603 (citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 387 (2024)).

Second, the Court reaffirmed that "'there is no plausible reason for deference'" to an agency's interpretation of a regulation when the regulation "isn't ambiguous." *Id.* at 606 (quoting *Kisor v. Wilkie*, 588 U.S. 558, 574-75 (2019)).

Third, even when interpreting a genuinely ambiguous regulation, the Court explained, only a longstanding agency position that is "consistent with earlier [agency] statements"—*i.e.*, statements *outside* the dispute being litigated—can merit deference. *Id.* at 604. This Court accordingly *declined* to defer to FDA guidance that did not reflect a settled "prior position" of the agency. *Id.* at 606.

Finally, and perhaps most notably, the Court did not afford deference to FDA's interpretation of its own regulation under *Kisor* (as the government requests here). Instead, relying on *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), the Court agreed with the agency

Arnold & Porter



only because its reading of the text was the most "persuasive" one. *Franco*, 184 F.at 604 (citing *Skidmore*).

*Franco* supports Lilly's position here. The protein definition is not ambiguous; FDA's interpretation of the definition—that only *alpha* amino acids count toward the "total number of amino acids"—is not persuasive; and FDA's position was first announced in the context of this dispute. As in *Franco*, therefore, the district court's decision to "defer[] under *Auer* to the FDA's [interpretation] … was error." *Id.* at 606.

Respectfully submitted,

*s/ Allon Kedem*

Allon Kedem
ARNOLD & PORTER
KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
(202) 942-5000
allon.kedem@arnoldporter.com

cc: All counsel of record (via CM/ECF)

Arnold & Porter



**CERTIFICATE OF FILING AND SERVICE**

Pursuant to Federal Rule of Appellate Procedure 25, I hereby certify that on September 23, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Allon Kedem*
Allon Kedem